**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| RONNIE GRANT, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 06-4347 (GEB) |
| v. | : | |
| | : | **MEMORANDUM OPINION** |
| BONSAL AMERICA, | : | |
| | : | |
| Defendant. | : | |

**BROWN, Chief Judge**

This matter comes before the Court upon Defendant Bonsal America's ("Bonsal" or "Defendant") Motion to Dismiss *pro se* Plaintiff Ronnie Grant's ("Grant" or "Defendant") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has reviewed the parties' submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will grant Defendant's Motion.

## I. BACKGROUND

### *A. Plaintiff's Charge of Discrimination*

Plaintiff Ronnie Grant ("Plaintiff" or "Grant") was employed at Defendant Bonsal America's ("Defendant" or "Bonsal") facility in Bristol, Pennsylvania. (Ex. A, Pl.'s PHRC Compl. at 2.) On June 5, 2005, Defendant terminated Grant's employment. (Id., at 3.) On July 25, 2005, Plaintiff filed a charge of discrimination with the Pennsylvania Human Relations Commission (PHRC) and the Equal Employment Opportunity Commission (EEOC or "Commission"), alleging race discrimination with respect to his wages and discharge. (Id., at 2-5.) The PHRC conducted an investigation and issued its findings on March 15, 2006. (Ex. B, PHRC Findings.) The PHRC found that Grant failed to state a prima facie case of race

discrimination regarding his wages. (Id., at 4.) The PHRC also concluded that Bonsal's stated reasons for termination were legitimate and not a pretext for discrimination. (Id., at 5-7.) On July 3, 2006, the EEOC dismissed Grant's charge, based on the PHRC's findings of no discrimination on the part of Bonsal. (Ex. C, EEOC Dismissal and Notice of Rights.) The EEOC's Dismissal also contained a Notice of Rights informing Grant that he had 90 days to file suit in federal court. (Id.)

*B. Plaintiff's Application for Unemployment Benefits*

On June 19, 2005, Plaintiff applied to the Pennsylvania Unemployment Compensation Services Center ("Service Center") for unemployment benefits. (Ex. D, Board of Review Decision at 1.) The Service Center denied his application under Section 402(e.1) of the Pennsylvania Unemployment Compensation Law (Id. at 2.), which states that unemployment caused by failure to submit to a drug and alcohol test disqualifies an applicant for benefits. 43 Pa. Stat. Ann. § 802(e.1). The Unemployment Compensation Board of Review ("Board") affirmed the Service Center's determination that Grant had been terminated for refusing to submit to a drug and alcohol test and was therefore ineligible for benefits. (Id., at 2.) The Board's Decision also notified Plaintiff of his right to file a further appeal within fifteen days. (Ex D., Board of Review Decision at 2.)

On October 26, 2005, twenty days past the fifteen-day deadline to file a further appeal, Plaintiff filed his appeal (Ex. E, Pl's Pet. for Appeal.), which was dismissed for its untimeliness. (Ex. F, Board of Review Dismissal of Appeal.) Plaintiff then filed a Petition for Review in the Commonwealth Court of Pennsylvania on January 29, 2006. (Ex. G, Pl.'s Pet. to the Commonwealth Court of PA.) His Petition was dismissed on March 10, 2006 because it failed

to address why Plaintiff did not file a timely appeal. (Ex. H, Commonwealth Docket Sheet at 3.) On September 15, 2006, Plaintiff filed this complaint ("Complaint") against Bonsal, alleging wrongful termination due to age discrimination and denial of unemployment benefits. (Docket Entry No. 1, Pl.'s Compl.)

## II. DISCUSSION

Defendant moves to dismiss the Complaint for failing to state a claim for which relief may be granted. Defendant argues: (i) that Plaintiff has not fulfilled the exhaustion requirement that must precede any ADEA claim; and (ii) that Defendant lacks the authority to grant or deny unemployment benefits.

### *A. Standard*

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." McLain v. Real Estate Bd. of New Orleans, Inc., 444 U.S. 232, 246 (1980), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Although a complaint attacked by a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss does not require detailed factual allegations, the allegations must consist of more than mere speculation. Bell Atlantic. v. Twombly, 127 U.S. 1955, 1964-65 (2007). "When a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." Id. at 1969. "Therefore, in deciding a motion to dismiss, a court should look to the face of the complaint and decide whether, taking all of the allegations of fact as true and construing them in a light most

favorable to the nonmovant, plaintiff's allegations state a legal claim." Mobile Dredging & Pumping v. City of Gloucester, No. 04-0624, 2005 U.S. Dist. LEXIS 16601 at *7, citing Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). A court may also consider an undisputedly authentic document that a party attaches as an exhibit to a motion to dismiss for failure to state a claim if the plaintiff's claims are based on that document. Pension Benefit Guaranty Corp. v. White Consolidated Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

*B. Application*

Plaintiff submits that he was "wrongfully terminated due to age discrimination and denied unemployment benefits." (Pl's Compl. at 1.) Plaintiff's Complaint would therefore seem to assert: (i) a federal claim under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634[1]; and (ii) a separate claim based on the denial of unemployment benefits.

The ADEA prohibits employers from discriminating against employees on the basis of age. 29 U.S.C. § 623(a). However, before filing a law suit pursuant to the ADEA, a plaintiff must first satisfy the jurisdictional requirements: (i) "by filing timely charges of employment discrimination with the Commission" and (ii) "by receiving and acting upon the Commission's statutory notice of the right to sue." McDonnell Douglas Crop. v. Green, 411 U.S. 792, 798 (1973). These jurisdictional requirements exist to encourage resolution through conciliation rather than through formal court action. Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398

---

[1] Plaintiff's Complaint does not specify whether his claim invokes federal or state law, but his EEOC Notice of Suit Rights states, under the heading "Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act" that Plaintiff may "file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court." (Exhibit C.) Additionally, Plaintiff's filing in federal court supports the assumption that his cause of action is federal, rather than state-based.

(3d Cir. 1976). Section 626(d) of the ADEA mandates that:

> No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Secretary [Commission]. Such a charge shall be filed--
>
> (1) within 180 days after the alleged unlawful practice occurred; or
>
> (2) in a case to which section 14(b) [29 U.S.C. 633(b)] of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

29 U.S.C. § 626(d). A "charge" is defined as "a statement filed with the Commission by or on behalf of an aggrieved person which alleges that the named prospective defendant has engaged in or is about to engage in actions in violation of the Act." 29 C.F.R. § 1626.3. The "Act" is defined as the Age Discrimination in Employment Act. Id.

Plaintiff was therefore required to file a charge alleging age discrimination with the EEOC before filing suit in federal court. While Plaintiff had dually filed a charge with the EEOC and the PHRC, that charge alleged discrimination on the basis of race, not age. (Ex. A, PHRC Compl. at 5.) The EEOC then adopted the findings of the PHRC, which related solely to the charge of race discrimination. (Ex. C, EEOC Dismissal and Notice of Rights.) Because Plaintiff has not filed a charge of age discrimination with the EEOC, he has not fulfilled the exhaustion requirement of the ADEA. See Antol v. Perry, 82 F.3d 1291, 1295-96 (3d Cir. 1996) (filing an EEOC charge of disability discrimination did not exhaust the administrative remedies for subsequent claim of gender discrimination).

Plaintiff cannot remedy this defect by now filing a charge of age discrimination with the EEOC. Pennsylvania is a deferral state, meaning that it has "an agency authorized to grant relief for federally prohibited employment discrimination." Watson v. Eastman Kodak Co., 235 F.3d

851, 854 (3d Cir. 2000). This implicates § 626(d)(2) of the ADEA, which requires that such a charge must be filed "within 300 days after the alleged unlawful practice occurred or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier." 29 U.S.C. § 626(d)(2). Plaintiff was terminated on June 5, 2005. (Ex. A, PHRC Compl. at 3.) Because well over 300 days have passed since the unlawful act has occurred, Plaintiff's claim is now time-barred. His claim of age discrimination must therefore be dismissed for failure to state a claim for which relief may be granted. See Robinson v. United States Postal Service, 107 F.3d 1018, 1022 (3d Cir. 1997) ("Timeliness of exhaustion requirements are best resolved under Rule 12(b)(6) covering motions to dismiss for failure to state a claim.").

Plaintiff's claim against Defendant for the denial of unemployment benefits must also be dismissed for failing to state a claim. The Pennsylvania Unemployment Compensation Law grants the Pennsylvania Department of Labor and Industry the exclusive authority to administer unemployment benefits. 43 Pa. Stat. Ann. § 821(a). The Pennsylvania Unemployment Compensation Law states that "[t]he Department shall promptly examine each application for benefits and on the basis of the facts found by it shall determine whether or not the application is valid." Id. Hence, any complaint concerning the denial of benefits must name the Unemployment Compensation Board of Review as the defendant. See Miller v. Unemployment Compensation Board of Review, 742 A.2d 678 (Pa. 1999); Rebel v. Unemployment Compensation Board of Review, 723 A.2d 156 (Pa. 1998); Tapco, Inc., v. Unemployment Compensation Board of Review, 650 A.2d 1106 (Pa. Commw. Ct. 1994).

Plaintiff already filed such an action against the Board in the Commonwealth Court of

Pennsylvania, after his Petition for Appeal of the Board's decision was dismissed for untimeliness. (Ex. G, Petition for Review.) That action was stricken and dismissed based on the Board's denial and Plaintiff's failure to address the untimeliness of his appeal. (Ex. H, Commonwealth Docket Sheet at 3.) Plaintiff's claim against Defendant for the denial of unemployment benefits must therefore dismissed.

## III. CONCLUSION

For the foregoing reasons, the Court will grant Bonsal's motion and dismiss Grant's complaint with prejudice. An appropriate form of Order accompanies this Opinion.

Dated: July 14, 2008

GARRETT E. BROWN, Jr., U.S.D.J.